FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 17, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAIME GARCIA,<br><br>Defendant. | No. 4:25-mj-07125-ACE-1<br><br>ORDER FOLLOWING INITIAL APPEARANCE ON COMPLAINT, SETTING PRELIMINARY HEARING, AND GRANTING THE UNITED STATES' MOTION FOR DETENTION<br><br>**ECF No. 13** |

On Tuesday, June 17, 2025, Defendant made an initial appearance based on the Complaint (ECF No. 1). Defendant was represented by Chief Deputy Federal Defender Alex B. Hernandez III. Assistant United States Attorney Brandon Pang represented the United States.

Defendant was advised of and acknowledged Defendant's rights.

The Office of the Federal Defenders was appointed to represent Defendant.

The United States filed a Motion for Detention (ECF No. 13) prior to the hearing. Defendant, personally and through counsel, waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f).

ORDER- 1

Accordingly, **IT IS ORDERED:**

1. The Court directs the parties to review the Local Criminal Rules governing discovery and other issues in this case. http://www.waed.uscourts.gov/court-info/local-rules-and-orders/general-orders.

2. Under federal law, including Rule 5(f) of the Federal Rules of Criminal Procedure, *Brady v. Maryland*, 373 U.S. 83 (1963), and all applicable decisions from the Supreme Court and the Ninth Circuit interpreting *Brady*, the United States has a continuing obligation to produce all information or evidence known to the United States relating to guilt or punishment that might reasonably be considered favorable to Defendant's case, even if the evidence is not admissible so long as it is reasonably likely to lead to admissible evidence. *See United States v. Price*, 566 F.3d 900, 913 n.14 (9th Cir. 2009). Accordingly, the Court orders the United States to produce to Defendant in a timely manner all such information or evidence.

Information or evidence may be favorable to a defendant's case if it either may help bolster the defendant's case or impeach a prosecutor's witness or other government evidence. If doubt exists, it should be resolved in favor of Defendant with full disclosure being made.

If the United States believes that a required disclosure would compromise witness safety, victim rights, national security, a sensitive law-enforcement

ORDER- 2

technique, or any other substantial government interest, the United States may apply to the Court for a modification of the requirements of this Disclosure Order, which may include *in camera* review and/or withholding or subjecting to a protective order all or part of the information.

This Disclosure Order is entered under Rule 5(f) and does not relieve any party in this matter of any other discovery obligation. The consequences for violating either this Disclosure Order or the United States' obligations under *Brady* include, but are not limited to, the following: contempt, sanction, referral to a disciplinary authority, adverse jury instruction, exclusion of evidence, and dismissal of charges. Nothing in this Disclosure Order enlarges or diminishes the United States' obligation to disclose information and evidence to a defendant under *Brady*, as interpreted and applied under Supreme Court and Ninth Circuit precedent. As the Supreme Court noted, "the government violates the Constitution's Due Process Clause 'if it withholds evidence that is favorable to the defense and material to the defendant's guilt or punishment.'" *Turner v. United States*, 137 S. Ct. 1885, 1888 (2017) (quoting *Smith v. Cain*, 565 U.S. 73, 75 (2012)).

3. Defendant shall submit a revised CJA-23 Financial Affidavit if Defendant receives cash or any other asset with a value of $15,000 or greater (including, but not limited to, an inheritance, a court settlement, lotto or gambling

ORDER- 3

winnings, a dividend, an award, and/or a royalty or interest in property) while Defendant is represented by a Court appointed attorney during the pendency of this case. Defendant shall submit a revised CJA-23 Financial Affidavit within five (5) business days of physical receipt or knowledge of the existence of any such asset.

4. The United States' Motion for Detention **(ECF No. 13)** is **GRANTED.**

5. Defendant shall be held in detention pending disposition of this case or until further order of the Court. Defendant is committed to the custody of the Attorney General for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the United States, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to the United States Marshals Service for the purpose of an appearance in connection with a court proceeding.

6. Any motion to reopen the issue of detention pursuant to 18 U.S.C. § 3142(f) shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the

ORDER- 4

motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested.  If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

7.      The United States Probation/Pretrial Services Office is authorized to prepare a supplemental pretrial services report and shall notify defense counsel prior to interviewing Defendant.  If Defendant does not wish to be interviewed, that Office is authorized to prepare said report using any information it deems relevant to the issue of detention.

ORDER- 5

8.    **A preliminary hearing was set before Magistrate Judge James A. Goeke in Richland, Washington, on Tuesday, July 1, 2025, at 10:00 AM.**

**IT IS SO ORDERED.**

DATED June 17, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER- 6