FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 16, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

JAIME GARCIA,

Defendant.

No. 4:25-cr-06023-MKD-1

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING

**ECF No. 41**

On Tuesday, July 15, 2025, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 41). Defendant was represented by Assistant Federal Defender Craig Webster. Assistant United States Attorney Brandon Pang represented the United States. With Defendant's consent, the undersigned appeared by video from outside of the district.

The Court has considered the Complaint (ECF No. 1), the Indictment (ECF No. 28), Defendant's Motion to Reopen Detention Hearing (ECF No. 41), the Pretrial Services Report (ECF No. 12), the Supplemental Pretrial Services Report (ECF No. 42), and the arguments of counsel.

On June 17, 2025, Defendant waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f), and the Court subsequently granted the United States' Motion for Detention (ECF No. 13). ECF No. 25.

Defendant now indicates that a bed date is available at American Behavioral

ORDER - 1

Health Services ("ABHS") and requests the Court grant release for inpatient treatment. ECF No. 41. Counsel has arranged for ABHS staff to pick Defendant up from the Benton County Jail and transport Defendant directly to inpatient treatment at ABHS. *Id.* The United States opposes Defendant's release, but United States Probation/Pretrial Services has no objection to Defendant's release.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a

ORDER - 2

flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court has determined that Defendant has presented evidence to reopen detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). Defendant initially waived the right to a detention hearing. Therefore, any release plan constitutes material and newly discovered circumstances.

The United States contended that if released, Defendant would present both

ORDER - 3

a risk of non-appearance and a danger to the safety of the community. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3). ECF No. 13. In such a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if there is probable cause to believe that the defendant committed "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). The Court agrees that the rebuttable presumption applies in the instant case because Defendant has been charged with Distribution of 40 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vi), and Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846. *See* ECF No. 28. Additionally, Defendant is charged with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), which also carries a presumption of detention under 18 U.S.C. § 3142(e)(3)(B). *See id.*

Although the presumption of detention shifts the burden of production to

ORDER - 4

Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the United States. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor—the nature and circumstances of the offense— Defendant is charged with Distribution of 40 Grams or More of Fentanyl, Conspiracy to Distribute 400 Grams or More of Fentanyl, and Possession of a Firearm in Furtherance of a Drug Trafficking Crime. The United States proffered that Defendant sold narcotics to a confidential informant during a controlled purchase and that a search warrant executed in Defendant's residence uncovered the following: narcotics throughout the residence; hand blenders consistent with

ORDER - 5

reports that Defendant was mixing his own fentanyl powders and attempting to dye the powders to make them more appealing for use; and a firearm inside a backpack located next to a large amount of narcotics.  Importantly, the United States alleged that the firearm found inside the backpack was a Glock handgun with a Glock switch.  A Glock switch is a device that changes a Glock handgun from semi-automatic to automatic firing.  The United States further alleged that Defendant admitted that he had installed the Glock switch and tested it, and that he did so for the purpose of protecting his narcotics.  Finally, the United States alleged that during a controlled purchase, carfentanil was purchased from Defendant, which is a substance 100 times more potent than fentanyl.  The allegations against Defendant are extremely concerning.  In sum, the installation of a Glock switch, considered with the proffer that Defendant is alleged to have sold carfentanil and produced his own fentanyl powder with a blender, demonstrates that Defendant is too great of a risk to the community for release.  Additionally, as noted above, due to the nature of these charges, there is a rebuttable presumption of detention in this case.  Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor, and Defendant is entitled to a presumption of innocence.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).  However, the United States'

ORDER - 6

proffer, as described above, indicates that the United States has a strong case. Therefore, this factor weighs in favor of detention.

As to the third factor—Defendant's history and characteristics—Defendant has familial ties to the community and all of his criminal history except his pending charges occurred when he was a juvenile. Additionally, Defendant is expecting a child next month and asserts that this provides great incentive for him to make changes in his life going forward. However, the Court notes that Defendant has an active no contact order prohibiting him from having contact with the expectant mother. Overall, this factor weighs in favor of release.

As to the fourth factor—the nature and seriousness of the danger Defendant would pose to the community if released—the alleged offense conduct, as described above, is particularly dangerous and creates too great of a risk of danger to the community for Defendant's release. Therefore, this factor weighs in favor of detention.

The Court finds that Defendant has overcome the rebuttable presumption of detention in this matter. However, the presumption "is not erased" but instead becomes another factor to be weighed alongside the § 3142(g) factors. *Hir*, 517 F.3d at 1086. And upon considering these five factors, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would

ORDER - 7

reasonably assure Defendant's appearance as required.  However, the United States has established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 41**) is **DENIED**.

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel.  LCrR 46(k)(1).  The party shall then promptly file a motion for review before the assigned District Judge.  LCrR 46(k)(3).  If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge.  *Id.*

3. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

**IT IS SO ORDERED.**

DATED July 16, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 8