RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE, LLC.
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,        )
                    Plaintiff,   )    No. 4:25-CR-06023-MKD-2
        vs.                      )
                                 )    Motion to Reopen Detention
                                 )    Hearing and for the Order of Release
                                 )
KAYLEE GARDNER,                  )
                    Defendant.   )    **With Oral Argument**
                                 )    **September 4, 2025**
_____)    **3:00 p.m. Richland, WA**

Kaylee Gardner, through counsel, Ricardo Hernandez, moves the Court to reopen the detention hearing to permit her to enter into drug/alcohol treatment and to be released from custody.

## Background

The defendant is charged by indictment with conspiracy to Distribute 400 Grams or More of Fentanyl.

## Analysis

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the Court's detention order. Ms. Gardner has obtained an alcohol and drug evaluation from Somerset Counseling. Please see attached evaluation from Somerset Counseling. Based on the assessment at Somerset Counseling, inpatient treatment is recommended. Ms. Gardner would like participate in inpatient treatment.

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

The Court must consider several factors in determining whether pretrial release is appropriate, including: (a) the nature and circumstances of the crime charged, (b) the weight of the evidence, (c) the history and characteristics of the defendant, and (d) the nature and seriousness of the danger to the community or individual. See 18 U.S.C. § 3142(g); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id.

### 1. Ms. Gardner is not a serious risk of flight and conditions can be fashioned to ensure her appearance.

Ms. Gardner is not a serious flight risk, and pretrial detention is not justified on this basis.

As stated above, Ms. Gardner has obtained an alcohol/drug evaluation through Somerset Counseling. Somerset Counseling has recommended that Ms. Gardner undergo inpatient treatment. It is defense counsel's understanding that Somerset Counseling will arrange a bed date for Ms. Gardner should the court allow her to be released to inpatient treatment.

Based on Ms. Gardner's lifelong residence in the Tri-Cities, her risk of flight is minimal. Her entire immediately family resides in the Tri-Cities area, including her Mother, and two siblings, as well as her Grandma and Grandpa.

The government bears the burden to show that no possible conditions could alleviate the risk of flight, even in a presumption case, and it has not met the burden here. United States v. Bustamante Conchas, 557 Fed. Appx. 803, 806 (10th Cir. 2014) ("Nor has the government shown that the conditions the district court imposed on Bustamante will not alleviate the risk of flight.")

2

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

### 2. Ms. Gardner is not a danger to the community.

Besides not being a serious flight risk, Ms. Gardner is also not a danger to the community, and there are conditions that can be fashioned to "reasonably assure the public's safety. See, e.g., United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (noting that "reasonably assure" does not mean "guarantee"). The allegations in this case are serious, but as the Court is aware, Ms. Gardner is still presumed innocent, and the nature and circumstances of the offense do not permit a pretrial determination of guilt. Also, the weight of the evidence is given the least weight. See Motamedi, 767 F.2d at 1408.

Accordingly, there is insufficient evidence upon which to detain Ms. Gardner for dangerousness to the community. The government "must convince a neutral decision maker by clear and convincing evidence that no conditions of release can feasibly assure the safety of the community or any person." *United State v. Salerno*, 481 U.S. 739, 750 (1987). The government has not met its burden here, and the Court can certainly impose reasonable conditions of release to address any concerns about Ms. Gardner, and assure the safety of the community.

### 3. <u>Release Plan.</u>

To address any concerns the Court may have about risk of flight or danger to the community, Ms. Gardner proposes these conditions of release:

a. Reside at her grandparent's home at 7065 West 29th Ave. Kennewick, WA 99338.

b. No use, or possession of firearms.

c. No use of controlled substances.

d. Undergo alcohol/drug treatment as recommended.

e. Report to the pretrial services' probation officer on a daily or weekly basis or as directed.

3

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

f.  GPS Monitoring

## Conclusion

Ms. Gardner respectfully requests the Court to release her to inpatient treatment and then release her from custody after completion of inpatient treatment.  She asserts there are a combination of conditions this court could impose to reasonably assure her appearance in court and the safety of the  community.

Dated: August 19, 2025.

Respectfully Submitted,

s/ Rick Hernandez
Rick Hernandez

## Certificate of Service

I hereby certify that on August 29, 2025 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Brandon Pang, Assistant United States Attorney.

s/ Rick Hernandez
Rick Hernandez

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ,
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184