FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 08, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:25-cr-06023-MKD-2 |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING PRETRIAL CONDITIONS OF RELEASE |
| v. | |
| KAYLEE LYNN GARDNER, | |
| Defendant. | **ECF No. 58** |
| | **\*\*USMS ACTION REQUIRED\*\*** |

On Thursday, September 4, 2025, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 58). Defendant was represented by court-appointed attorney Rick Hernandez. Assistant United States Attorney Brandon Pang represented the United States. With Defendant's consent, the undersigned appeared by video from Spokane, Washington.

The Court has considered the Complaint (ECF No. 1), the Indictment (ECF No. 28), Defendant's Motion to Reopen Detention Hearing (ECF No. 58), the Pretrial Services Report (ECF No. 10), the Supplemental Pretrial Services Report (ECF No. 61), and the arguments of counsel.

On June 17, 2025, Defendant waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f), and the Court subsequently granted the United

ORDER - 1

States' Motion for Detention (ECF No. 15).  ECF No. 26.

Defendant now indicates that a bed date is available at American Behavioral Health Services ("ABHS") in Spokane, Washington, and requests the Court grant release for inpatient treatment on September 9, 2025, at 10:00 AM.  ECF Nos. 58–60.  Counsel has arranged for ABHS to pick Defendant up from the Benton County Jail and transport Defendant directly to inpatient treatment at ABHS.  *Id.* The United States opposes Defendant's release, but United States Probation/Pretrial Services has no objection to Defendant's release.

The issue of pretrial release is governed by 18 U.S.C. § 3142.  Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial.  § 3142(a).  The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community."  § 3142(f).  The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community.  *Id.*; *United States v. Gebro*, 948 F.2d 1118,

ORDER - 2

1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to 18 U.S.C. § 3142(g), the Court must consider the nature and circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court has determined that Defendant has presented evidence to reopen detention pursuant to 18 U.S.C. § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). Defendant initially waived the right to a detention hearing. Therefore, any release

ORDER - 3

plan constitutes material and newly discovered circumstances.

The United States contended that if released, Defendant would present both a risk of flight and a danger to the safety of the community. *See* ECF No. 15. Defendant, through counsel, contended there are conditions the Court could impose that would reasonably assure Defendant's appearance as required and the safety of the community if released.

The United States has invoked a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3). ECF No. 15. In such a presumption case, the Court presumes "that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of the community" if there is probable cause to believe that the defendant committed "an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.)." 18 U.S.C. § 3142(e)(3)(A). The Court agrees that the rebuttable presumption applies in the instant case because Defendant has been charged with Conspiracy to Distribute 400 Grams or More of Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), 846. *See* ECF No. 28.

Although the presumption of detention shifts the burden of production to Defendant, the ultimate burden of persuasion on Defendant's risk of nonappearance and danger to the community remains with the United States.

ORDER - 4

*United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). When a defendant presents evidence to rebut the presumption arising under 18 U.S.C. § 3142(e)(3), the presumption itself still mitigates against the defendant's release, and is "to be weighed along with other evidence relevant to factors listed in § 3142(g)." *Id.* (quoting *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986)).

The Court has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to determine whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released.

As to the first factor—the nature and circumstances of the offense— Defendant is charged with Conspiracy to Distribute 400 Grams or More of Fentanyl. *See* ECF No. 28. As noted above, due to the nature of this charge, there is a rebuttable presumption of detention in this case. Additionally, the United States proffered that at the time of her arrest, Defendant possessed just over one kilogram of fentanyl pills and just under one kilogram of fentanyl powder. The United States also proffered that a search of Defendant's phone indicated that she arranged a new source of the drugs and facilitated the distribution. Further, the United States proffered that the substances in Defendant's possession tested

ORDER - 5

positive for carfentanil in one instance, which is considerably more potent than fentanyl.  Finally, the United States proffered that firearms were located within the same proximity of the controlled substances.  Therefore, this factor weighs in favor of detention.

As to the second factor, the weight of the evidence is the least important factor, and Defendant is entitled to a presumption of innocence.  *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).  However, the United States' case, as described above, appears strong.  Therefore, this factor weighs in favor of detention.

As to the third factor—Defendant's history and characteristics—Defendant is a young, lifelong resident of the community, has strong familial support, and has a limited and non-violent criminal history.  Additionally, Defendant's proposed release address following treatment is her grandparents' home, and her grandparents persuaded the Court at the hearing that if Defendant is released to their residence, they are retired and will immediately report any instances of noncompliance to United States Probation/Pretrial Services.  Therefore, this factor weighs in favor of release.

As to the fourth factor—the nature and seriousness of the danger Defendant would pose to the community if released—the alleged offense conduct is serious, but Defendant's history and characteristics persuade the Court that conditions can

ORDER - 6

be fashioned to mitigate her risk to the safety of the community.  Therefore, this factor weighs in favor of release.

The Court finds that Defendant has overcome the rebuttable presumption of detention in this matter.  However, the presumption "is not erased" but instead becomes another factor to be weighed alongside the § 3142(g) factors.  *Hir*, 517 F.3d at 1086.  And upon considering these five factors, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant's appearance as required.  Furthermore, the United States has not established by clear and convincing evidence that Defendant poses a present risk to the safety of other persons or the community that cannot be mitigated by conditions or a combination of conditions of release.

Defendant may set a detention review hearing when she is close to completion of inpatient treatment.  However, Defendant is advised that she will remain on GPS location monitoring if released to the community following treatment.  Additionally, Defendant is advised that there is no margin for error.  Any violations will likely cause revocation of Defendant's release.

Accordingly, **IT IS ORDERED:**

1.     Defendant's Motion to Reopen Detention Hearing (**ECF No. 58**) is **GRANTED.**

ORDER - 7

2. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id.*

3. **Defendant shall be temporarily released from the Benton County Jail on Tuesday, September 9, 2025, at 10:00 AM** for inpatient treatment. Defendant shall immediately thereafter report to the United States Probation/Pretrial Services Office for the installation of GPS monitoring. After GPS installation, Defendant shall immediately thereafter report to a representative of ABHS and shall proceed directly to and enter treatment at ABHS.

4. Defendant shall undergo any recommended substance abuse treatment at the treatment provider, as directed by the United States Probation/Pretrial Services Office. Prior to commencing the treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance

ORDER - 8

in the program. It shall be the responsibility of defense counsel to provide such waivers.

5. If Defendant leaves before or during the transport to the treatment facility, after arrival to the treatment facility, or is terminated from treatment for any reason, the treatment facility personnel shall immediately notify the United States Probation/Pretrial Services Officer, who shall in turn immediately notify the Court.

6. Defendant shall be returned to the custody of the United States Marshals Service upon completion or termination of treatment, absent further order of the Court. **Counsel for Defendant is advised to monitor the timing of Defendant's release from inpatient treatment and—prior to the release date— file a motion to reopen that advises the Court as to what measures would be in place for proposed program in the community.** Any motion to reopen shall be a maximum of four-pages in length and indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court treat the motion as

ORDER - 9

expedited and submitted without argument.  For any motion that includes a plan for substance abuse treatment, Defendant shall attach completed waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and supervision, and evaluation, treatment, and performance in the program.  **Motions in Yakima and Spokane cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.**  If the Court determines that oral argument is unnecessary on the motion, it shall be set for decision on the Court's 6:30 docket.

7.      While attending treatment, Defendant shall abide by the following conditions at all times:

### STANDARD CONDITIONS OF RELEASE

1.      Defendant shall not commit any offense in violation of federal, tribal, state, or local law.  Defendant shall advise the supervising United States Probation/Pretrial Services Officer and defense counsel within one business day of any charge, arrest, or contact with law enforcement.  Defendant shall not work for the United States government—or any federal, tribal, state, or local law enforcement agency—unless Defendant first notifies the supervising United States Probation/Pretrial Services Officer in the captioned matter.

ORDER - 10

2. Defendant shall immediately advise the Court and the United States Attorney in writing before any change in address.

3. Defendant shall appear at all proceedings and surrender as directed for service of any sentence imposed.

4. Defendant shall sign and complete form A.O. 199C before being released.

5. Defendant shall not possess a firearm, destructive device, or any dangerous weapons.

6. Defendant shall report to the United States Probation/Pretrial Services Office before or immediately after release and shall report as often as they direct, at such times and in such manner as they direct.

7. Defendant shall contact defense counsel at least once a week.

8. Defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner in conformance with Federal law. Defendant may not use or possess marijuana, regardless of whether Defendant has been authorized medical marijuana under state law.

9. Defendant shall surrender any passport to United States Probation/Pretrial Services and shall not apply for a new passport.

10. Defendant is further advised it is unlawful for any person who is under

ORDER - 11

indictment for a crime punishable by imprisonment for a term exceeding one year, to receive, ship or transport in interstate or foreign commerce any firearm or ammunition or receive any firearm or ammunition that has been shipped or transported in interstate or foreign commerce.  18 U.S.C. § 922(n).

## SPECIAL CONDITIONS OF RELEASE

1.      Defendant shall remain in the Eastern District of Washington unless given permission by the United States Probation/Pretrial Services Office.

2.      Defendant shall notify the United States Probation/Pretrial Services Office within 24 hours of any change in address, telephone number, or employment.

3.      Defendant shall avoid all contact, direct or indirect, with any codefendants or persons who Defendant would reasonably know are or may become a victim or potential witness in the subject investigation or prosecution.

4.      Defendant shall submit to a substance abuse evaluation and undergo any recommended substance abuse treatment as directed by the United States Probation/Pretrial Services Office.  Prior to commencing any evaluation or treatment program, Defendant shall provide waivers of confidentiality permitting the United States Probation/Pretrial Services Office and the treatment provider to exchange without qualification, in any form and at any time, any and all information or records related to Defendant's conditions of release and

ORDER - 12

supervision, and evaluation, treatment, and performance in the program.  It shall be the responsibility of defense counsel to provide such waivers.

5.      Defendant shall submit to random urinalysis testing as directed by the United States Probation/Pretrial Services Office.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing that is required as a condition of release.

6.      Defendant shall abstain totally from the use of alcohol.

7.      **GPS Monitoring:** Defendant shall participate in a program of GPS location monitoring.  Defendant shall wear, at all times, an electronic device under the supervision of the United States Probation/Pretrial Services Office.  In the event Defendant does not respond to location monitoring or cannot be found, the United States Probation/Pretrial Services Office shall forthwith notify the United States Marshals Service, who shall immediately find, arrest, and detain the defendant.  Defendant shall pay all or part of the cost of the program based upon ability to pay as determined by the United States Probation/Pretrial Services Office.  Defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any location monitoring that is required as a condition of release.

ORDER - 13

8. **<u>Stand-alone Monitoring</u>:** Defendant shall participate in the location monitoring program in order to verify compliance with any court-imposed conditions of supervision.

**IT IS SO ORDERED.**

DATED September 8, 2025.



_____

ALEXANDER C. EKSTROM

UNITED STATES MAGISTRATE JUDGE

ORDER - 14