RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE, LLC.
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff,<br>　　vs.<br><br>KAYLEE GARDNER,<br>　　　　　　Defendant. | )<br>)　No. 4:25-CR-06023-MKD-2<br>)<br>)　Motion to Reopen Detention<br>)　Hearing and for the Order of Release<br>)<br>)<br>)<br>)　**With Oral Argument**<br>)　**October 2, 2025**<br>)　**11:00 a.m. Richland, WA** |

Kaylee Gardner, through counsel, Ricardo Hernandez, moves the Court to reopen the detention hearing to permit her to be released from custody after successful completion of her inpatient treatment program at ABHS.

**Background**

The defendant is charged by indictment with conspiracy to Distribute 400 Grams or More of Fentanyl. On September 4, 2025, this court released the defendant to inpatient treatment at ABHS in Spokane, WA. Ms. Gardner is scheduled to successfully complete her inpatient treatment program on October 7, 2025. A review hearing is necessary before October 7, 2025 to determine if Ms. Gardner will be released from custody.

1

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

## Analysis

Under 18 U.S.C. § 3142(f)(2) a detention hearing may be reopened "at any time before trial," based upon new information relevant to the issue of the Court's detention order. Ms. Gardner has obtained an alcohol and drug evaluation from Somerset Counseling. Please see attached evaluation from Somerset Counseling. Based on the assessment at Somerset Counseling, inpatient treatment is recommended. Ms. Gardner would like participate in inpatient treatment.

The Court must consider several factors in determining whether pretrial release is appropriate, including: (a) the nature and circumstances of the crime charged, (b) the weight of the evidence, (c) the history and characteristics of the defendant, and (d) the nature and seriousness of the danger to the community or individual. See 18 U.S.C. § 3142(g); United States v. Motamedi, 767 F.2d 1403, 1407 (9th Cir. 1985). Any "[d]oubts regarding the propriety of release should be resolved in favor of the defendant." Id.

**1. Ms. Gardner is not a serious risk of flight and conditions can be fashioned to ensure her appearance.**

Ms. Gardner is not a serious flight risk, and pretrial detention is not justified on this basis.

As stated above, Ms. Gardner has obtained an alcohol/drug evaluation through Somerset Counseling. Somerset Counseling has recommended that Ms. Gardner undergo inpatient treatment. It is defense counsel's understanding that Somerset Counseling will arrange a bed date for Ms. Gardner should the court allow her to be released to inpatient treatment.

Ms. Gardner is scheduled to successfully complete inpatient treatment at ABHS in Spokane on October 7, 2025.

2

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

Based on Ms. Gardner's lifelong residence in the Tri-Cities, her risk of flight is minimal. Her entire immediately family resides in the Tri-Cities area, including her Mother, and two siblings, as well as her Grandma and Grandpa.

The government bears the burden to show that no possible conditions could alleviate the risk of flight, even in a presumption case, and it has not met the burden here. United States v. Bustamante Conchas, 557 Fed. Appx. 803, 806 (10th Cir. 2014) ("Nor has the government shown that the conditions the district court imposed on Bustamante will not alleviate the risk of flight.")

**2. Ms. Gardner is not a danger to the community.**

Besides not being a serious flight risk, Ms. Gardner is also not a danger to the community, and there are conditions that can be fashioned to "reasonably assure the public's safety. See, e.g., United States v. Orta, 760 F.2d 887, 891 (8th Cir. 1985) (noting that "reasonably assure" does not mean "guarantee"). The allegations in this case are serious, but as the Court is aware, Ms. Gardner is still presumed innocent, and the nature and circumstances of the offense do not permit a pretrial determination of guilt. Also, the weight of the evidence is given the least weight. See Motamedi, 767 F.2d at 1408.

Accordingly, there is insufficient evidence upon which to detain Ms. Gardner for dangerousness to the community. The government "must convince a neutral decision maker by clear and convincing evidence that no conditions of release can feasibly assure the safety of the community or any person." United State v. Salerno, 481 U.S. 739, 750 (1987). The government has not met its burden here, and the Court can certainly impose reasonable conditions of release to address any concerns about Ms. Gardner, and assure the safety of the community.

3

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

**3. Release Plan.**

To address any concerns the Court may have about risk of flight or danger to the community, Ms. Gardner proposes these conditions of release:

a. Reside at her grandparent's home at 7065 West 29th Ave. Kennewick, WA 99338.

b. No use, or possession of firearms.

c. No use of controlled substances.

d. Undergo follow up alcohol/drug treatment as recommended.

e. Report to the pretrial services' probation officer on a daily or weekly basis or as directed.

f. GPS Monitoring

## Conclusion

Ms. Gardner respectfully requests the Court to release her from custody in accordance with the proposed release plan. She asserts there are a combination of conditions this court could impose to reasonably assure her appearance in court and the safety of the community.

Dated: September 26, 2025.

Respectfully Submitted,

*/s/ Rick Hernandez*
Rick Hernandez

4

MOTION TO REOPEN DETENTION HEARING

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184

## Certificate of Service

I hereby certify that on September 26, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:  Brandon Pang, Assistant United States Attorney.

/s/ *Rick Hernandez*
Rick Hernandez

MOTION TO REOPEN DETENTION HEARING

5

RICARDO HERNANDEZ.
HERNANDEZ LAW OFFICE
440 S. 6TH STREET
P.O. BOX 1039
SUNNYSIDE, WA 98944
(509) 837-3184