FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 02, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAYLEE LYNN GARDNER,<br><br>Defendant. | No. 4:25-cr-06023-MKD-2<br><br>ORDER GRANTING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING AND SETTING PRETRIAL CONDITIONS OF RELEASE<br><br>**ECF No. 65** |

On Thursday, October 2, 2025, the Court conducted a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 65). Defendant was represented by court-appointed attorney Rick Hernandez. Assistant United States Attorney Brandon Pang represented the United States. Defendant appeared at the hearing by video from a treatment facility and had no objection to the proceedings occurring by video.

On June 17, 2025, Defendant waived the right to a detention hearing pursuant to 18 U.S.C. § 3142(f), and the Court granted the United States' Motion for Detention (ECF No. 15). ECF No. 26. Subsequently, Defendant filed a Motion to Reopen Detention (ECF No. 58), and the Court granted Defendant's release to inpatient treatment on September 9, 2025. ECF No. 64. Now approaching successful completion of treatment, Defendant has filed a motion for this Court to

ORDER - 1

grant further release for Defendant to reside at her grandparents' home. ECF No. 65. The United States opposes Defendant's release, but United States Probation/Pretrial Services has no objection to Defendant's release.

The issue of pretrial release is governed by 18 U.S.C. § 3142. Under that statute, a judicial officer shall order that a defendant awaiting trial be (1) "released on personal recognizance or upon execution of an unsecured appearance bond," (2) "released on a condition or combination of conditions," or (3) detained pending trial. § 3142(a). The judicial officer shall conduct a detention hearing to determine "whether any condition or combination of conditions set forth in [§ 3142(c)] will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). The judicial officer shall order the defendant be detained if the United States shows either (1) by a preponderance of the evidence that the defendant will not appear as required, or (2) by clear and convincing evidence that the defendant poses a risk to the safety of any other person and the community. *Id.*; *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991) ("On a motion for pretrial detention, the government bears the burden of showing by a preponderance of the evidence that the defendant poses a flight risk, and by clear and convincing evidence that the defendant poses a danger to the community.").

Pursuant to § 3142(g), this Court has taken into account the nature and

ORDER - 2

circumstances of the offense charged, the weight of the evidence against the Defendant, as well as Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, whether Defendant was under supervision at the time of the alleged offense, and the nature and seriousness of the danger to the community posed by Defendant's release.

As a preliminary matter, the Court has determined that Defendant has presented evidence to reopen detention pursuant to § 3142(f). A detention hearing may be reopened if "information exists that was not known to the movant at the time of the hearing and has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f). Defendant's near completion of inpatient treatment constitutes information that may not have been known to Defendant and has a material bearing on Defendant's risks of nonappearance and danger to the community.

Defendant argued that her release following treatment is warranted because she maintained full compliance at treatment, and treatment staff did not have any issues to report with her. Defendant also noted that her grandparents recently

ORDER - 3

moved homes, and she provided their new address to the Court as her proposed release address.

The United States did not provide additional argument in support of detention but requested that the Court consider the United States' argument from the hearing on Defendant's first motion to reopen. At that hearing, the United States argued that Defendant was a risk of danger to the community pursuant § 3142(f) because, "at the time of her arrest, Defendant possessed just over one kilogram of fentanyl pills and just under one kilogram of fentanyl powder," "the substances in Defendant's possession tested positive for carfentanil in one instance," Defendant was seemingly the leader of the conspiracy, and "firearms were located within the same proximity of the controlled substances." ECF No. 64, pp. 5–6.

While the United States' assertions regarding Defendant's offense conduct are concerning, Defendant's other characteristics that this Court must also consider under § 3142(g) support her release. Defendant has strong familial support and a limited, non-violent criminal history. *See* ECF Nos. 10, 61. And at the prior hearing, Defendant's grandparents stated that they are retired and avowed to report any instances of noncompliance to United States Probation/Pretrial Services. ECF No. 64, p. 6.

After weighing Defendant's alleged offense conduct against her history and

ORDER - 4

characteristics pursuant to § 3142(g), the Court finds that the United States' concerns related to the risk of continued drug distribution by Defendant can be sufficiently mitigated through release conditions, including GPS location monitoring and a prohibition on possessing and using internet capable devices.

Therefore, the Court finds that the United States has not established by the required preponderance of evidence an absence of conditions or combination of conditions of release that would reasonably assure Defendant will appear as required. *See* § 3142(f). Furthermore, the United States has not established by clear and convincing evidence conditions or a combination of conditions of release that would mitigate the risk to the safety of other persons or the community that Defendant poses. *See id.* Accordingly, Defendant's motion for release must be granted.

However, while United States Probation/Pretrial Services approved Defendant's grandparents' previous home as a release address, they have not yet been able to inspect their new residence regarding its suitability for Defendant's release. Thus, Defendant shall only be released following completion of inpatient treatment if United States Probation/Pretrial Services inspects and approves Defendant's new release address. Further, Defendant is again advised that there is no margin for error, and any violations will result in Defendant's detention.

\\

ORDER - 5

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention (**ECF No. 65**) is **GRANTED.**

2. Defendant is bound over to Judge Mary K. Dimke for further proceedings.

3. **Following the completion of inpatient treatment, Defendant shall be released on all previously imposed conditions of release.** ECF No. 64.

4. However, **Special Condition No. 8 is modified as follows:**

> 8. **<u>Home Detention:</u>** Defendant shall be restricted to the approved residence at all times except for attorney visits; court appearances; case-related matters; court-ordered obligations. Defendant may attend other essential activities as pre-approved by the United States Probation/Pretrial Services Office, including but not limited to employment; grocery shopping; primary caregiving; religious services; medical necessities; and substance abuse testing or treatment.

5. In addition, **Defendant shall abide by the following conditions of release:**

\\

\\

ORDER - 6

# SPECIAL CONDITIONS OF RELEASE

9. Defendant shall maintain employment, or, if unemployed, shall actively seek employment and/or maintain or commence an educational program.

10. Defendant shall not directly or indirectly use, access, or possess a computer or electronic media, including any devices, televisions, and cellular phones, with internet access capabilities, without the prior approval of United States Probation/Pretrial Services.  Electronic media possessed by other residents of the home shall be password protected, and Defendant shall not have access.  To be clear, Defendant may possess a cellphone only if it has no inherent capability to access the internet (no "smart phone" of any kind).

**IT IS SO ORDERED.**

DATED October 2, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 7